# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-872V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
GRACE EASTERLING, Individually,      *      Special Master Oler
                                     *
                                     *      Filed: April 13, 2018
                   Petitioner,       *
         v.                          *      Petitioner's Motion for a Decision;
                                     *      Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                  *      Act; Denial Without Hearing.
AND HUMAN SERVICES,                  *
                                     *
                   Respondent.       *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Joseph Leo Krueger*, Siri & Glimstad, LLP, New York, NY, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 27, 2017, Stephanie Easterling filed a petition on behalf of her then-minor daughter, Grace Easterling (now "Petitioner"), seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that Petitioner developed chronic arthralgias and other symptoms as a result of human papillomavirus vaccinations that Petitioner received on June 10, 2013, August 13, 2013, and July 1, 2014.  Petition, ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a Statement of Completion on December 8, 2017.  ECF No. 17. Thereafter, Respondent filed a Rule 4(c) Report on February 5, 2018, contesting Petitioner's right to damages, and requesting dismissal of the claim.  ECF No. 19.

I gave Petitioner an initial deadline of March 9, 2018 to file a status report, notifying the Court on how she wishes to proceed in this case. I extended this deadline to April 9, 2018.  On April 9, 2018, Petitioner filed the present motion to dismiss her non-table claim, indicating that "[a]n investigation of the facts and science supporting this case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion for a Decision Dismissing Her Petition, ECF No. 23.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and in accordance with her motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master